IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL A. LARNER,
    Petitioner,

v.                              CASE NO.   3:05-CV-402/RV/MD

JAMES R. McDONOUGH,
    Respondent.

_____/

## ORDER

    This case has been remanded to this Court by the Eleventh Circuit Court of Appeals. The specific basis and reason for the "limited remand" is unclear from the remand Order. In an effort to address the Eleventh Circuit's apparent concern about the timeliness of the filing of the notice of appeal, I will set out the pertinent events.

    Petitioner filed his petition for habeas corpus on October 24, 2005. The matter was thereafter routinely referred to a magistrate judge for further proceedings. On June 20, 2006, Respondent moved to dismiss the petition as time-barred.  On September 15, 2006, the magistrate judge issued a Report and Recommendation ("R&R"), recommending that Respondent's motion be granted and, consequently, that the petition be denied.  At its conclusion, the R&R noted that Petitioner had ten (10) days from receipt of the R&R to file any objections thereto. Almost one month later, on October 12, 2006, Petitioner filed a document entitled "Motion for Certificate of Appealability," (Doc. 40), which this Court construed as an objection to the R&R. I then considered the Report and the objection. On October 16, 2006, I entered an Order adopting the R&R and dismissing the petition. That same day, the Clerk of Court entered judgment consistent with my Order and the case was dismissed with prejudice.

Also on that same day, October 16, 2006, the Clerk *re-filed* Petitioner's earlier "Motion for Certificate of Appealability" (Doc. 40). Although this document had been previously treated as an objection to the magistrate's R&R, now that the R&R had been adopted and final judgment entered, it was also construed as a notice of appeal.  Because the document was the same, it was file- stamped twice: once on October 12, 2006 (when it was first filed and treated as an objection), and once on October 16, 2006 (when it was re-filed and treated as a notice of appeal). This procedure is regularly followed by this court in order to give *pro se* petitioners the dual benefit of both the objection and the notice of appeal when it may be questionable which was intended.  The notice of appeal and related documents were thereafter transferred to the Eleventh Circuit on October 20, 2006.

Three days later, on October 23, 2006, I entered an Order denying Petitioner's motion to the extent that it requested a certificate of appealability  This Order was also transferred to the Eleventh Circuit.  On November 20, 2006, the Court of Appeals remanded this case "for a factual finding as to the date of delivery of the notice of [Petitioner's] appeal to prison officials" because, the Eleventh Circuit believed, "it is unclear whether his notice of appeal is timely." The Court of Appeals cited, *inter alia*, several cases standing for the general proposition that court filings by *pro se* prisoners are deemed to be filed at the time the documents are given to prison officials (the "mailbox rule").  See, e.g., Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct 2379, 2385, 101 L. Ed. 2d 245 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Sanders v. United States, 113 F.3d 184, 186 n.2 (11th Cir. 1997); Garvey v. Vaughn, 993 F.2d 776, 781 (11th Cir. 1993); Robinson v. Tanner, 798 F.2d 1378, 1382-85 (11th Cir. 1986). Only one of those cases, however, would seem to have relevance to the issue presented here.

In Robinson, the court explained an apparent conflict between two Eleventh Circuit precedents, Jetco Electronic Industries, Inc. v. Gardiner, 473 F.2d 1228 (5th Cir. 1973), and United States v. Taylor, 632 F.2d 530 (5th Cir. 1980) (both

binding under Bonner v. Prichard, 661 F.2d 1206 (11th Cir. 1981)). Ultimately, the court in Robinson held that a premature notice of appeal may be cured and validated by a subsequent final judgment "when the notice is from an otherwise final order dismissing a claim or party." Robinson, 798 F.2d at 1383.

In this case, Petitioner filed his notice of appeal prematurely --- that is, while the R&R was being considered and before final judgment was entered. The R&R, as later adopted by me, constituted a final order dismissing the petition in its entirety. The notice was treated as an objection to the R&R when it was first filed. When final judgment was subsequently entered, however, it was treated as, and re-filed as, a notice of appeal and the case then followed the procedural path described above.  Therefore, Petitioner's notice of appeal was filed timely.

DONE AND ORDERED this 18th day of December, 2006.


/s/  *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**